IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

PATRICIA A. ASHLEY                                                                    PLAINTIFF

v.                              Case No. 4:20-cv-01125 KGB

SCOTTY HODGES, *et al.*                                              DEFENDANTS

**ORDER**

Before the Court are motions to dismiss for failure to state a claim filed by separate defendants Scotty Hodges, Bill Donnor, Evelyn Reed, Steve Lee, Brent Houston, and Robin Freeman (collectively "City Defendants") (Dkt. No. 5) and by separate defendant Josh Briggs (Dkt. No. 11). Plaintiff Patricia Ashley responded in opposition to each motion (Dkt. Nos. 9, 15). For the reasons discussed below, the Court grants the motions to dismiss (Dkt. Nos. 5, 11). The Court denies Ms. Ashley's request that the Court deny the motions to dismiss (Dkt. No. 9) and denies as moot all other pending motions (Dkt. Nos. 24, 29, 39, 40).

**I.**       **Background**

Ms. Ashley sues several Benton government officials and a newspaper editor claiming violations of the Fourteenth Amendment of the United States Constitution (Dkt. No. 1, at 1–5). Ms. Ashley alleges the following facts in her complaint. Ms. Ashley maintains that Evelyn Reed, Benton City Councilwoman, is more concerned with changing Ms. Ashley's street for her private association, Ralph Bunche Neighborhood Association, than with the safety of Ms. Ashley (Dkt. No. 1, ¶ 2). Ms. Ashley has spoken out against changing the name of her street, Dixie Street (*Id.*). Ms. Reed and the Benton City Council permit a fireworks stand at the entrance of Ms. Ashley's street, which causes Ms. Ashley grief (*Id.*).

Ms. Ashley alleges that Steve Lee, Benton City Councilman, refuses to ensure safety and supports the fireworks (*Id.*, ¶ 3).  Ms. Ashley spoke before the Public Health and Safety Committee at City Hall, and Mr. Lee said, "if my grandson want's to shoot fireworks he can shoot fireworks" (*Id.*).  Mr. Lee further said, "if anybody here wants a permit, go downstairs and tell them I sent you" (*Id.*).

According to Ms. Ashley, Scotty Hodges, Benton Police Department Chief of Police, said regarding the fireworks, "it don't matter with me one way or the other" (*Id.*, ¶ 4).  Ms. Ashley responded, "it has to matter with you one way or the other[;] you are to protect and serve" (*Id.*).  Mr. Hodges is not happy with Ms. Ashley, according to Ms. Ashley (*Id.*).

Josh Briggs, managing editor of the Saline Courier, refused to publish a proclamation from the mayor at Benton City Hall recognizing the African American presence in Benton of more than 113 years and their contribution to the city purportedly because it was presented to Ms. Ashley (*Id.*, ¶ 5).

Ms. Ashley contends that Brent Houston, Benton City Attorney, was presented with Ms. Ashley's alternatives to changing her street and the fireworks matter and did not show them to the Council (*Id.*, ¶ 6).

Robin Freeman, Chair of the Benton Planning and Zoning Commission and Black Lives Matter organizer, told Ms. Ashley about slavery and told her that she needs to know her history (*Id.*, ¶ 7).  Ms. Ashley responded that Dixie Street is her history and heritage and that she is not on board with giving up her safety and Dixie Street, which is over 100 years old, because there are other alternatives to Ms. Freeman's plan (*Id.*).

Bill Donner, Chairman of Benton's Public Health and Safety, has considered the fireworks danger many times between 2016 and the present (*Id.*, at 10).  The police cannot stop or restrain

the danger and abuse of these unpredictable users of these explosives (*Id.*). Ms. Ashley alleges that the Benton Fire Chief is opposed to the fireworks and wants it changed, but Mr. Donner's team overrules the Fire Chief's authority (*Id.*). Mr. Donner said it's just a matter of time (*Id.*). Ms. Ashley has spoken and shown evidence of what happens to her (*Id.*).

Ms. Ashley seeks relief from the fireworks and street change (*Id.*). In her claim for relief, Ms. Ashley states that defendants have affirmed things will remain as is and that leaves Ms. Ashley unable to be safe, protected, speak, and equal (*Id.*). Ms. Ashley claims that defendants have caused Ms. Ashley to be silent, unequal, and unprotected and have taken her history and heritage (*Id.*). Ms. Ashley claims that she has been governed by the Unspoken Rule all this time (*Id.*). Ms. Ashley claims punitive money damages of $100,000 (*Id.*). Ms. Ashley alleges that, from June 29, 2020, through September 20, 2020, things have been shot, exploded, and popped on her property, all being done at night, leaving soot marks on her house, car, trees, and roof, and that it's being done as a mission (*Id.*).

## II. Standard Of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "While a complaint attacked by a [Federal] Rule [of Civil Procedure] 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (citations omitted). "When ruling on a motion to dismiss, the district court must accept

the allegations contained in the complaint as true and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001).  A complaint should be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) if "it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *In re K-tel Int'l Sec. Litig.*, 300 F.3d 881, 904 (8th Cir. 2002) (citations omitted).

The Court must construe a *pro se* complaint liberally, and "'*pro se* litigants are held to a lesser pleading standard than other parties.'" *Whitson v. Stone Cnty. Jail*, 602 F.3d 920, 927 (8th Cir. 2010) (quoting *Federal Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008)).  Nonetheless, *pro se* complaints "'still must allege sufficient facts to support the claims advanced.'" *Stringer v. St. James R–1 Sch. Dist.*, 446 F.3d 799, 802 (8th Cir.2006) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).  "Liberal construction concerns whether it appears beyond a doubt that petitioner can prove no set of facts in support of his claim.  We do not believe, however, that a district court must pretend that certain facts exist in order to foresee a theory of recovery not actually raised or reasonably inferred by the pleader." *Williams v. Willits*, 853 F.2d 586, 588 (8th Cir. 1988) (citations and quotations omitted).  "'[P]ro se litigants must set [a claim] forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law.'" *Id.* (quoting *Cunningham v. Ray*, 648 F.2d 1185, 1186 (8th Cir. 1981)).

### III.   Discussion

#### A.   City Defendants' Motion To Dismiss

City Defendants argue that Ms. Ashley's claims should be dismissed because Ms. Ashley lacks standing, fails to state an equal protection claim, and fails to show municipal liability (Dkt. No. 6, at 4–10).  City Defendants further argue that they are entitled to legislative and qualified immunity (*Id.*, at 10–14).

A federal court must have jurisdiction to reach the merits of a case, and the party invoking federal jurisdiction must demonstrate that they have standing to do so. *Va. House of Delegates v. Bethune-Hill*, --- U.S. ---, 139 S.Ct. 1945, 1950 (2019). Standing consists of three elements: (1) injury; (2) causation; and (3) redressability. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). To establish injury in fact, a plaintiff must demonstrate "an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical[.]" *Id.* at 560 (citations and quotations omitted). To have standing based on a future injury, Ms. Ashley must be "*imminently* threatened with a concrete and particularized 'injury in fact' that is fairly traceable to the challenged action of the defendant and likely to be redressed by a favorable judicial decision." *Glickert v. Loop Trolley Transp. Dev. Dist.*, 792 F.3d 876, 881 (8th Cir. 2015) (quoting *Lujan*, 504 U.S. at 560). While imminence is "a somewhat elastic concept, it cannot be stretched beyond its purpose, which is to ensure that the alleged injury is not too speculative for Article III purposes—that the injury is *certainly* impending." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (emphasis in original) (quoting *Lujan*, 504 U.S. at 565 n.2). Thus, the Supreme Court has "repeatedly reiterated that 'threatened injury must be *certainly impending* to constitute injury in fact,' and that '[a]llegations of *possible* future injury' are not sufficient." *Id.* (alteration in original) (emphasis in original) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990)). Future injury is not "certainly impending" if it is speculative. *Whitmore*, 495 U.S. at 157–58; *see also O'Shea v. Littleton*, 414 U.S. 488, 496–98 (1974). "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'" *Lujan*, 504 U.S. at 561 (quoting *Lujan v. Nat. Wildlife Federation*, 497 U.S. 871, 889 (1990)).

5

To establish causation, "there must be a causal connection between the injury and the conduct complained of—the injury has to be 'fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court.'" *Id.* at 560–61 (alterations in original) (quoting *Simon v. Eastern Ky. Welfare Rights Organization*, 426 U.S. 26, 41–42 (1976)).  "[W]hen the plaintiff is not himself the object of the government action or inaction he challenges, standing is not precluded, but it is ordinarily substantially more difficult to establish." *Id.* at 562 (quotations omitted).

Construing Ms. Ashley's complaint liberally, she alleges that she is concerned for her safety because of the fireworks.  Ms. Ashley claims that fireworks have been shot and exploded on her property at night, leaving soot marks on her house, car, trees, and roof (Dkt. No. 1, at 10). Ms. Ashley also argues in her response to City Defendants' motion to dismiss that "[t]he level of harm is ongoing and will not stop until the Defendants make public health and safety a real priority . . . .  Have denied permanent changes of policies and practices of fireworks that could bring result and safety to plaintiff." (Dkt. No. 9, at 2).  Ms. Ashley asserts that Mr. Lee disregards Ms. Ashley's "plea to be safe from the unending noise and threat of harm, and harm they have caused Plaintiff" (*Id.*, at 4).  Ms. Ashley avers that she cannot sleep and that the explosions are "unending" (*Id.*, at 5). Ms. Ashley contends that she "faced damages to her property," lost comfort in her home, and worries of her home catching fire when fireworks are burning on her roof (*Id.*, at 7, 10).

Further, Ms. Ashley alleges that she is concerned that the Benton City Council will change the name of her street.  Ms. Ashley asserts that Robin Freeman and Evelyn Reed have worked together for years to take the history in Dixie Street from Ms. Ashley (*Id.*, at 7).  According to Ms. Ashley, she was also injured when Brent Houston did not allow her evidence to be reviewed in writing the street change ordinance to change Dixie Street (*Id.*, at 11).

The Court finds that Ms. Ashley's claims of injury are too speculative to establish Article III standing. The factual allegations in Ms. Ashley's complaint do not amount to a finding that she has suffered an injury, that an injury is certainly impending, or that City Defendants caused Ms. Ashley any injury. Rather, Ms. Ashley speculates that she will face harm in the future because of the fireworks and because of the prospect that the Benton City Council will change the name of her street. To the extent that Ms. Ashley claims injury due to fireworks leaving soot marks on her house, car, trees, and roof, such alleged injury appears to be the result of the independent action of some third party not before the Court and is not fairly traceable to the actions of City Defendants. *See Lujan*, 504 U.S. at 561. It is not clear from the allegations in Ms. Ashley's complaint that City Defendants have the authority to grant or revoke fireworks permits. Even if City Defendants did control fireworks permits, no evidence or allegations in the record leads the Court to infer that revoking a permit to sell fireworks would prevent the harm from others shooting fireworks. Based on the allegations and claims in Ms. Ashley's complaint, Ms. Ashley instead wishes that City Defendants would more seriously consider the danger of fireworks in making future policy decisions. Accordingly, the Court concludes that Ms. Ashley lacks standing to bring her claims against City Defendants.

### B.     Mr. Briggs's Motion To Dismiss

Mr. Briggs argues that Ms. Ashley's claim against him should be dismissed because, according to Mr. Briggs, her claim is an impermissible attempt to have this Court insert itself into the Saline Courier's editorial process (Dkt. No. 11, at 1). Mr. Briggs further argues that Ms. Ashley fails to state a claim upon which relief can be granted (*Id.*).

This Court agrees that Ms. Ashley fails to state a claim against Mr. Briggs upon which relief can be granted. In her complaint, Ms. Ashley brings claims under the Fourteenth Amendment. Ms. Ashley asserts that Mr. Briggs did not allow a story to be published in the Benton

Saline Courier because it involved Ms. Ashley. Even accepting Ms. Ashley's allegations as true, Mr. Briggs is a private actor and therefore cannot be liable for an alleged violation of the Fourteenth Amendment. *See Hodge v. Twin City Transportation, Inc.*, No. 4:18-CV-00814-KGB, 2020 WL 1698801, at *5 (E.D. Ark. Apr. 7, 2020) ("Additionally, '[i]t is well settled that the prohibitions of the Fifth and Fourteenth Amendments do not apply to private actions.'" (quoting *Florey v. Air Line Pilots Ass'n, Intern.*, 575 F.2d 673, 676 (8th Cir. 1978))). Further, it is not clear that this Court could grant Ms. Ashley any relief against a newspaper editor for declining to publish a story. *See Miami Herald Pub. Co. v. Tornillo*, 418 U.S. 241, 258 (1974) ("The choice of material to go into a newspaper . . . constitute[s] the exercise of editorial control and judgment. It has yet to be demonstrated how governmental regulation of this crucial process can be exercised consistent with First Amendment guarantees of a free press[.]"). Accordingly, this Court concludes that Ms. Ashley's claim against Mr. Briggs should be dismissed.

## IV. Conclusion

For the foregoing reasons, the Court grants City Defendants' motion to dismiss (Dkt. No. 5). The Court further grants Mr. Briggs's motion to dismiss (Dkt. No. 11). The Court denies Ms. Ashley's request that the Court deny the motions to dismiss (Dkt. No. 9). The Court dismisses without prejudice Ms. Ashley's complaint (Dkt. No. 1). For these reasons, the Court denies as moot Ms. Ashley's motion for order, City Defendant's motion for summary judgment, Ms. Ashley's motion for Court not to dismiss her case, and motion for cost (Dkt. Nos. 24, 29, 39, 40).

So ordered this 8th day of September, 2021.

_____
Kristine G. Baker
United States District Judge